**XI WANG, Petitioner,**

v.

**Attorney General Alberto R. GONZALES, Respondent.**

**No. 06–0303–ag.**

United States Court of Appeals, Second Circuit.

April 19, 2007.

Jianhua Zhong, Flushing, NY, for Petitioner.

Robert C. Balfe, United States Attorney, Deborah J. Groom, Assistant United States Attorney, United States Attorney's Office for the Western District of Arkansas, Fort Smith, AR, for Respondent.

PRESENT: THOMAS J. MESKILL, JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xi Wang, a native and citizen of the People's Republic of China, seeks review of a December 28, 2005 order of the BIA affirming the December 15, 2004 decision of Immigration Judge ("IJ") Roxanne Hladylowycz, denying his applications for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). *In re Xi Wang*, No. A 95 872 239 (B.I.A. Dec. 28, 2005), *aff'g* No. A 95 872 239 (Immig. Ct. N.Y. City Dec. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Even assuming *arguendo* that we may review Wang's untimely asylum claim, substantial evidence supports the IJ's determination that Wang had failed to demonstrate a well-founded fear of future persecution. Wang conceded during a hearing before the IJ that he had never suffered any persecution while in China. Accordingly, his asylum claim was based only on an assertion that he had a well-founded fear of future persecution were he to return to China. But Wang's assertion that his son was arrested, and continues to be detained, as a consequence of his alleged mailing of Falun Gong materials to his family in China was unsupported by specific, credible testimony. Moreover, Wang failed to provide any meaningful corroborating evidence to support his claim. The IJ reasonably considered Wang's lack of corroborating evidence in determining that Wang had failed to meet his burden of proof, particularly in light of Wang's indication that his wife had given him a letter describing what had happened to his son, but he did not "know where [he] put it." *See Zhou Yun Zhang*, 386 F.3d at 71 ("[W]here the circumstances indicate that an applicant has, or with reasonable effort could gain, access to relevant corroborating evidence, his failure to produce such evidence in support of his claim is a factor that may be weighed in considering whether he has satisfied the burden of proof.").

Because Wang was unable to show the objective likelihood of persecution needed to make out an asylum claim, the IJ appropriately found that he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Because Wang has failed to sufficiently challenge the IJ's denial of his CAT claim before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir. 2005).

Finally, this Court lacks jurisdiction to review a BIA member's decision to resolve a particular appeal unilaterally, and without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4), rather than referring it to a three-member panel. *See Kambolli v. Gonzales*, 449 F.3d 454, 463 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.